1
2
3
4
5
6
7

8            **UNITED STATES DISTRICT COURT**

9            **EASTERN DISTRICT OF CALIFORNIA**

10

11   ZOCHIL VALENCIA,                      )   Case No.: 1:12-cv-00863 - BAM
                                           )
12               Plaintiff,                )   **ORDER ON PLAINTIFF'S SOCIAL SECURITY**
                                           )   **COMPLAINT**
13        v.                               )
                                           )
14   CAROLYN W. COLVIN, COMMISSIONER )
                                           )
15   OF SOCIAL SECURITY,                   )
                                           )
16               Defendant.                )
     _____ )

17                    **I.      INTRODUCTION**

18        Plaintiff Zochil Valencia ("Plaintiff") seeks judicial review of a final decision of the

19   Commissioner of Social Security ("Commissioner" or "Defendant") denying her application for

20   supplemental security income benefits and disability insurance benefits pursuant to Titles II and XVI

21   of the Social Security Act (the "Act"). The matter is currently before the Court on the parties' briefs,

22   which were submitted without oral argument to Magistrate Judge Barbara A. McAuliffe.  The Court

23   finds the decision of the Administrative Law Judge ("ALJ") to be supported by substantial evidence in

24   the record as a whole and based upon proper legal standards.  Accordingly, the Court affirms the

25   Commissioner's determination.

26
27
28

                                           1

## II.     BACKGROUND

### A.     Overview of Administrative Proceedings

On May 8, 2009, Plaintiff filed an application for child disability insurance benefits and supplemental security income, alleging disability beginning May 1, 1999.  AR 162, 164.[1]  Plaintiff's applications were denied initially and on reconsideration.  AR 113, 120.  Subsequently, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ").  AR 125.  The hearing was held on June 29, 2011, and on July 25, 2011, ALJ Judson Scott issued a decision finding that Plaintiff was not disabled. AR 22-31.  Plaintiff sought review of the ALJ's decision, which the Appeals Council denied, making the ALJ's decision the Commissioner's final decision.  Plaintiff subsequently requested judicial review pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3).

### B.     Administrative Hearing Testimony

Plaintiff is 21 years old and has completed eleventh grade.  AR 64-65, 67.  Plaintiff stated that she was five feet and nine inches tall and weighed around 600 pounds.  AR 72.  Plaintiff testified that she had asthma but that it was controlled with an inhaler.  AR 74-75.  Plaintiff also testified that she had aches, pains and numbness which caused difficulty gripping.  AR 77, 80.  Plaintiff stated that the most she could lift was four to six pounds.  AR 80.

After a discussion about time constraints, the ALJ allowed Plaintiff's prior counsel to provide a summation of Plaintiff's testimony.  AR 84-85.  Plaintiff's counsel stated that Plaintiff suffers from drowsiness, dizziness, depression, and anxiety.  AR 86.  Plaintiff's counsel also stated that Plaintiff was unable to stand more than 15 minutes at a time, was unable to walk more than two blocks without having to take a break, and needed to lie down for 30 minutes three to five times a day.  *Id.*  Plaintiff's counsel concluded that Plaintiff could not sit for more than three and a half hours during the day, and could only sit for 25 minutes at a time.  AR 87.

Medical expert Dr. Puestow testified at the hearing.  AR 90.  Dr. Puestow opined that Plaintiff's massive obesity limited her ability to climb, kneel and crawl (AR 92), however, Plaintiff

---

[1] References to the Administrative Record will be designated as "AR," followed by the appropriate page number.

could lift and carry 10 pounds frequently and 20 pounds occasionally, sit for a full 8-hour workday, and stand or walk up to 4 hours in an 8-hour workday.  AR 28-29, 92.

A Vocational Expert (the "VE"), Lawrence Hughes, also provided testimony at the hearing. AR 99.  The ALJ presented two hypothetical questions to VE Hughes.  First, VE Hughes was asked to assume a hypothetical individual the same age, education, and experience as the claimant who can perform light work including lifting and carrying 10 to 20 pounds, had the capacity to sit for six out of eight hours, and could stand for two out of eight hours with a sit/stand option at will. Further, the individual would be precluded from kneeling, crawling, ladders, ropes, and scaffolds, and stair climbing would be rare. The individual could perform one to two step, simple repetitive tasks in a low stress environment with no public contact.  AR 100-02.  VE Hughes indicated that such individuals could perform several jobs such as hand packager, assembler of electrical accessories, and battery assembler.  AR 101.

In a second hypothetical, VE Hughes was asked to consider the same worker, however, with the following addition limitations: can lift and carry up to 10 pounds; cannot balance, use ladders, ropes, and scaffolds; cannot climb stairs or ramps; and cannot be exposed industrial hazards.  AR 103. VE Hughes testified that this individual could perform the same three jobs referenced in the first hypothetical.  AR 103-04.

The Plaintiff's attorney then asked VE Hughes to consider the same hypothetical worker except she could not sit for more than three to four hours a day, stand for more than one hour a day, and walk for more than one hour a day, all with intermittent breaks.  AR 104-06. VE Hughes testified that no work would be available for such an individual.  AR 107.  The Plaintiff attorney then asked VE Hughes to consider an individual that was the same as the two hypothetical questions given by the ALJ but that the individual would have to take three to five unscheduled 30 minute breaks a day.  AR 107-08. VE Hughes concluded that this would preclude any work.  AR 108.

**C.   Medical Record**

Plaintiff alleges disability due to massive obesity, chronic knee pain, asthma, depression and anxiety.  AR 27, 169, 186.  The entire medical record was reviewed by the Court. AR 182-304.  The medical evidence will be referenced below as necessary to this Court's decision.

**D.      The ALJ's Decision**

On July 25, 2011, the ALJ issued a decision finding that Plaintiff was not disabled within the meaning of the Act.  After considering each step in the sequential evaluation, the ALJ made the following findings:

1.      Plaintiff has the following severe impairments: massive obesity; chronic knee pain; depression and anxiety;

2.      Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926);

3.      Plaintiff has the residual functional capacity ("RFC") to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) with the following modifications: sit for six hours out of an eight hour workday; stand and/or walk for two hours out of an eight hour workday; must be afforded the opportunity to alternate between sitting and standing at will; no kneeling, crawling, balancing or climbing of ladders/ropes/scaffolds; rare climbing of stairs and ramps; occasional stooping and crouching; no exposure to industrial hazards such as work at unprotected heights or around hazardous moving machinery; simple repetitive one or two step tasks; occasional interaction with co-workers; frequent interaction with supervisors; no interaction with the public; must have a low stress occupation, defined as few changes in the work or its setting and few decisions required.

4.      Plaintiff has not been under a disability, as defined in the Act, from May 1, 1999, through the date of the ALJ's decision (20 CFR 404.350(a)(5), 404.1520(g) and 416.920(g)).

/././

4

III.   DISCUSSION

A.   Standard of Review

Congress has provided a limited scope of judicial review of the Commissioner's decision to deny benefits under the Act.  In reviewing findings of fact with respect to such determinations, this Court must determine whether the decision of the Commissioner is supported by substantial evidence. 42 U.S.C. § 405 (g).  Substantial evidence means "more than a mere scintilla," *Richardson v. Perales*, 402 U.S. 389, 402 (1971), but less than a preponderance.  *Sorenson v. Weinberger*, 514 F.2d 1112, 1119, n. 10 (9th Cir. 1975).  It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson,* 402 U.S. at 401.  The record as a whole must be considered, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion.  *Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985).  This Court must uphold the Commissioner's determination that the claimant is not disabled if the Secretary applied the proper legal standards, and if the Commissioner's findings are supported by substantial evidence.  *See Sanchez v. Sec'y of Health and Human Serv.,* 812 F.2d 509, 510 (9th Cir. 1987).

In order to qualify for benefits, a claimant must establish that she is unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment which has lasted or can be expected to last for a continuous period of not less than twelve months.  42 U.S.C. § 1382c (a)(3)(A).  A claimant must show that she has a physical or mental impairment of such severity that she is not only unable to do her previous work, but cannot, considering her age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy.  *Quang Van Han v. Bowen*, 882 F.2d 1453, 1456 (9th Cir. 1989).  The burden is on the claimant to establish disability.  *Terry v. Sullivan*, 903 F.2d 1273, 1275 (9th Cir. 1990).

Plaintiff raises one issue on appeal: whether the ALJ properly discounted examining physician Dr. Radhey Bansal's opinion that Plaintiff could sit for up to four hours a day with intermittent breaks, and stand and walk for up to one hour a day each. *See* Pl.'s Brief at 7-12, Doc. 14.

**B.      The ALJ's Medical Opinion Testimony Evaluation**

**1.      Legal Standard**

In the hierarchy of physician opinions considered in assessing a social security claim, "[g]enerally, a treating physician's opinion carries more weight than an examining physician's, and an examining physician's opinion carries more weight than a reviewing physician's." *Holohan v. Massanari*, 246 F.3d 1195, 1202 (9th Cir.2001); *Orn v. Astrue*, 495 F.3d 625 (9th Cir. 2007) ("By rule, the Social Security Administration favors the opinion of a treating physician over non-treating physicians"); *See also*, 20 C.F.R. § 404.1527(c)(1)-(2). If a treating physician's opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record, [it will be given] controlling weight." *Id.* § 404.1527(c)(2).

If a treating physician's opinion is not given "controlling weight" because it is not "well-supported" or because it is inconsistent with other substantial evidence in the record, the Administration considers specified factors in determining the weight it will be given. Those factors include the "[l]ength of the treatment relationship and the frequency of examination" by the treating physician; and the "nature and extent of the treatment relationship" between the patient and the treating physician. *Id.* § 404.1527(c)(2)(i)-(ii). Additional factors relevant to evaluating any medical opinion, not limited to the opinion of the treating physician, include the amount of relevant evidence that supports the opinion and the quality of the explanation provided; the consistency of the medical opinion with the record as a whole; the specialty of the physician providing the opinion; and "[o]ther factors" such as the degree of understanding a physician has of the Administration's "disability programs and their evidentiary requirements" and the degree of his or her familiarity with other information in the case record. *Id.* § 404.1527(c)(3)-(6).

The Commissioner must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of a treating or examining physician. *Pitzer v. Sullivan,* 908 F.2d 502, 506 (9th Cir.1990). If contradicted by another doctor, the opinion of a treating or examining doctor can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record. *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995). "This burden can be met by providing

a detailed summary of the facts and conflicting clinical evidence, along with a reasoned interpretation thereof." *Rodriguez v. Bowen,* 876 F.2d 759, 762 (9th Cir. 1989).

Notwithstanding the above discussion, an ALJ is not required to accept an opinion of a treating physician, or any other medical source, if it is conclusory and not supported by clinical findings. *Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992). Additionally, an ALJ is not bound to a medical source's opinion concerning a claimant's limitations on the ultimate issue of disability. *Magallanes v. Bowen,* 881 F.2d 747, 751 (9th Cir. 1989). If the record as a whole does not support the medical source's opinion, the ALJ may reject that opinion. *Batson v. Comm'r of Soc. Sec. Admin.,* 359 F.3d 1190, 1195 (9th Cir. 2004). Items in the record that may not support the physician's opinion include clinical findings from examinations, conflicting medical opinions, conflicting physician's treatment notes, and the claimant's daily activities. *Id.; Bayliss v. Barnhart*, 427 F.3d 1211 (9th Cir. 2005); *Connett v. Barnhart*, 340 F.3d 871 (9th Cir. 2003); *Morgan v. Comm'r of Soc. Sec. Admin.,* 169 F.3d 595 (9th Cir.1999)

### 2. The ALJ Provided Specific and Legitimate Reasons to Discount Dr. Bansal's Opinions, and the ALJ's Evaluation of the Medical Evidence As A Whole is Based on Substantial Evidence in the Record

Plaintiff argues the ALJ impermissibly rejected the opinions of examining physician Dr. Radhey Bansal. On August 6, 2009, Dr. Bansal performed an internal medicine examination at the behest of the administration. AR 252-55. Physical examination showed some restriction of movements in various joints due to obesity as well as soreness over her hands, arms, thighs and legs. *Id.* Plaintiff's bilateral grip strength was full. *Id.* Plaintiff demonstrated some numbness in the right lower extremity and walked slowly, however, Plaintiff did not ambulate with a limp. *Id.*

Based on his review of the records and physical examination, Dr. Bansal diagnosed Plaintiff with the following: "very severe and morbid obesity; aches and pains in different parts of the body probably myalgias or fibromyalgias; status post old injury right leg with status post surgery and some preliminary numbness in the right leg below the calf; history of being somewhat slow learner; and history of bronchial asthma which is fairly stable without any significant exacerbations or ER visits or hospitalization." AR 254. Dr. Bansal opined Plaintiff could sit for three to four hours a day with

intermittent breaks, stand and walk for one hour per day with intermittent breaks and cannot perform

any significant bending, crawling, kneeling or climbing of ladders.  *Id.*

The ALJ afforded Dr. Bansal's opinion "some weight," noting that Dr. Bansal's opinions were

not well supported by available medical evidence, was inconsistent with Plaintiff's ability to attend

school, and was contradicted by other medical opinion evidence that was more consistent with the

medical record.  AR 28.

The ALJ provided specific and legitimate reasons based on substantial evidence in the record

for his evaluation of Dr. Bansal's opinions.  First, the ALJ correctly discounted Dr. Bansal's opinion

because it was inadequately supported by the longitudinal treatment record and any clinical findings.

*See Tonapetyan v. Halter,* 242 F.3d 1144, 1149 (9th Cir. 2001). The ALJ explained that the medical

record evidence was minimal, and although Plaintiff had gained a significant amount of weight in a

two-year period, Plaintiff had normal examination results, and her frequent aches and pains were

generally treated with over-the-counter Tylenol.  AR 28, 189, 201, 253, 292. Plaintiff's only

documented illness was asthma, which was controlled with an inhaler. AR 28, 252, 292. Moreover,

Dr. Bansal observed that other than controlled asthma, Plaintiff had no known history of any particular

medical problem associated with either her subjective complaints of pain or morbid obesity (e.g.

hypertension, diabetes mellitus) that prevented her from working. AR 24-25, 252.  Thus, the ALJ

properly resolved the discrepancies between Dr. Bansal's recommended limitations and objective

medical evidence by discounting Dr. Bansal's opinion.

Three other medical experts disagreed with Dr. Bansal's recommended limitations.  State

agency physician Lavanya V. Bobba, M.D., reviewed the medical record in August 2009 and opined

that Plaintiff could perform sedentary work, largely based on Dr. Bansal's examination showing

normal results for Plaintiff's lungs and musculoskeletal system. AR 29, 256-260. State agency

physician Paul F. Frye, M.D., independently reviewed Plaintiff's medical record in March 2010, and

also opined that Plaintiff could perform sedentary work. AR 29, 268-271.  Testifying internist Eric

Puestow, M.D., reviewed Plaintiff's medical records and heard her testify about her symptoms and

functional limitations.  AR 28-29, 90.  Dr. Puestow testified that Dr. Bansal's opinion limiting Plaintiff

to one hour of walking or standing was both vague and overly restrictive because it lacked an

objective foundation.  AR 97-98.  Specifically, Dr. Puestow testified that Plaintiff did not have any condition– e.g. significant arthritis, a neurologic problem, joint deformities – that was exacerbated by the morbid obesity.  AR 98.

The opinions of non-examining physicians are substantial evidence where they are supported by clinical findings and objective tests. *Magallanes*, 881 F.2d at 752.  Here, Dr. Puestow stated that he disagreed with Dr. Bansal's restriction that Plaintiff could only sit for three to four hours a day. AR 98. Dr. Puestow supported his opinion stating that "it's not based on fact" because "[w]e don't have any other co-morbid predictions" and concluded that Dr. Bansal's "work limitation is overly restrictive." *Id.*  Dr. Bobba also disagreed with Dr. Bansal because there was "no documented secondary morbidities due to obesity."  Indeed, Dr. Bansal's own observation of the record stated that "[t]here is no know history of hypertension, diabetes mellitus or any other particular medical problems with mostly [sic] these aches and pains and her marked morbid obesity, which prevent her from work."  AR 252.

The ALJ also explained that the State agency physician's opinion that Plaintiff could sit for 6 hours, and stand or walk for 2 hours in an 8-hour workday, was well-supported by the objective evidence of her morbid obesity, and the absence of evidence of other comorbid conditions (e.g., significant arthritis, neurological problems, cardiovascular problems, etc.) AR 29. An ALJ may rely on the expertise of a non-examining physician to assess other opinion evidence and RFC. *Thomas v. Barnhart*, 278 F.3d 948, 957 (9th Cir. 2002) ("The opinions of non-treating or non-examining physicians may also serve as substantial evidence when the opinions are consistent with independent clinical findings or other evidence in the record") (emphasis added).

Finally, ALJ's statement that Dr. Bansal's opinion is inconsistent with Plaintiff's ability to attend school is a "specific and legitimate" reason.  The record shows that Plaintiff claimed "she is in class from 8AM to 2PM."  AR 213.  During the hearing Plaintiff stated that she "didn't go [to school] all the time."  AR 67.  However, this statement conflicts with her earlier statement that she attended school "on a daily basis."  AR 213.  Further, the record suggests that her reason for not attending school was because of difficulty doing the work, not because of physical limitations. AR 68.

The Court must uphold the ALJ's decision where the evidence is susceptible to more than one rational interpretation. *Magallanes*, 881 F.2d at 750. One rational interpretation of Plaintiff being in class from 8AM to 2PM is that Plaintiff sat for more than four hours in a day. Indeed, Plaintiff stated all her classes were in one room.  AR 213.  This suggests that Plaintiff did not have to spend substantial time traveling between classes. Therefore, one rational explanation of the evidence in the record is that Plaintiff sat in school for more than four hours a day.

Accordingly, the ALJ provided specific and legitimate reasons to discount Dr. Bansal's opinions, and the ALJ's evaluation of the medical evidence as a whole was based on substantial evidence in the record.

## **CONCLUSION**

Based on the foregoing, the Court finds that the ALJ's decision is supported by substantial evidence in the record as a whole and is based on proper legal standards. Accordingly, this Court **DENIES** Plaintiff's appeal from the administrative decision of the Commissioner of Social Security. The Clerk of this Court is **DIRECTED** to enter judgment in favor of Defendant Carolyn W. Colvin, Commissioner of Social Security, and against Plaintiff Zochil Valencia.

IT IS SO ORDERED.

Dated:   **July 18, 2013**            /s/ *Barbara A. McAuliffe*
                                 UNITED STATES MAGISTRATE JUDGE